Lisa S. Kantor, Esq. State Bar No. 110678
  e-mail: lkantor@kantorlaw.net
Elizabeth K. Green, Esq. State Bar No. 199634
  e-mail: egreen@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone:  (818) 886-2525
Facsimile:   (818) 350-6272

Attorneys for Plaintiff,
PACIFIC SHORES HOSPITAL,
Assignee of Hillary Hollingsworth

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC SHORES HOSPITAL, Assignee of Hillary Hollingsworth,<br><br>Plaintiff,<br><br>vs.<br><br>EMCOR GROUP INC. MEDICAL EMPLOYEE WELFARE BENEFIT PLAN; ANTHEM BLUE CROSS AND BLUE SHIELD OF CONNECTICUT,<br><br>Defendants. | CASE NO: CV10 7480 DDP PLAx<br><br>COMPLAINT FOR:<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |

Plaintiff, Pacific Shores Hospital, assignee of Hillary Hollingsworth, herein sets forth the allegations of its Complaint against Defendants Emcor Group Inc. Medical Employee Welfare Benefit Plan and Anthem Blue Cross and Blue Shield of Connecticut.

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan administered by Defendant. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and postjudgment interest, and attorneys' fees and costs.

2. Plaintiff, Pacific Shores Hospital ("PSH"), assignee of Hillary Hollingsworth, is and was at all times relevant, a corporation in the State of California, with its principal place of business in Los Angeles County, California.

3. Hillary Hollingsworth ("Hollingsworth") was at all times relevant a resident in the County of New London, Connecticut.

4. Hollingsworth was at all times relevant a covered participant under the Defendant Emcor Group Inc. Medical Employee Welfare Benefit Plan ("Plan"), an employee welfare benefit plan regulated by ERISA, pursuant to which she was and is entitled to health insurance benefits.

5. Plaintiff is informed and believes that Defendant Anthem Blue Cross and Blue Shield of Connecticut ("Anthem") is a corporation with its principal place of business in the State of Connecticut. Plaintiff is informed and believes that Anthem is the insurer of benefits under the Emcor Group Inc. Medical Employee Welfare Benefit Plan, and acted in the capacity of a claims administrator.

2

6. Plaintiff is informed and believes that Defendant Plan is an employee welfare benefit plan regulated by ERISA, established by Emcor Group Inc., under which Hollingsworth is and was a participant and entitled to medical benefits. The Plan issued by Anthem is identified by Group No. 800401001.

7. The medical claims at issue herein were specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions). Plaintiff PSH provided inpatient and partial hospitalization treatment to Hollingsworth.

8. Hollingsworth assigned *inter alia* her right to medical benefits to Plaintiff PSH. Hollingsworth's Assignment of Benefits is attached hereto as "Exhibit A."

## FIRST CAUSE OF ACTION AGAINST
## EMCOR GROUP INC. MEDICAL EMPLOYEE WELFARE BENEFIT PLAN
## AND ANTHEM BLUE CROSS AND BLUE SHIELD OF CONNECTICUT
## FOR DENIAL OF BENEFITS

9. Plaintiff incorporates by reference paragraphs 1 through 8 as though fully set forth herein.

10. Hollingsworth became entitled to benefits under the terms and conditions of the Plan insured and administered by Defendant Anthem.

11. Hollingsworth is a 19-year old woman who has suffered from Bulimia Nervosa since age 15. She also has a history of major depression, anxiety and attempted suicide.

12. On April 8, 2010, Hollingsworth's parents admitted her to PSH in Calabasas, California for treatment of her eating disorder and depression. Upon admission, Hollingsworth was suffering from severe signs of depression, suicidal ideation, and inability to function.

13. Hollingsworth assigned her medical insurance benefits to PSH on April 30, 2010 (Assignment of Benefits attached as Exhibit "A").

14. Hollingsworth received care from PSH at the inpatient level of care from April 8, 2010 to April 29, 2010. Plaintiff received care at the Partial Hospitalization Program (PHP) level of care from on or about April 30, 2010 to May 6, 2010.

15. Anthem denied benefits for inpatient treatment for dates April 23, 2010 to April 29, 2010. Anthem denied benefits for PHP treatment for dates April 30, 2010 to May 6, 2010. Anthem claimed that Hollingsworth did not meet Anthem's criteria for benefits for these dates. Plaintiff contends that Hollingsworth's medical records established her need for care based on her symptoms of eating disorder and depression, including suicidal ideation and intent, and impaired impulse control and judgment.

16. PSH appealed Anthem's denials and provided information establishing Hollingsworth's need for continued treatment.

17. On April 29, 2010, Anthem denied the first level appeal regarding benefits for inpatient treatment. On May 20, 2010, Anthem denied the first level appeal regarding benefits for PHP treatment on the basis that behavioral health criteria had not been met. Anthem further claimed that Hollingsworth had "gained coping skills," had "enough control to take care of" her health, and no longer had plans or intent to harm herself.

18. Plaintiff, through counsel, notified Anthem of its intent to exercise its right, as assignee of Hollingsworth, to a second level appeal of both denials, and submitted additional supportive documentation on July 21, 2010.

19. On August 17, 2010, Hollingsworth's father and counsel for PSH participated in a telephonic hearing with Anthem's Appeal Panel. Subsequently, Anthem partially overturned its denial of benefits, for dates April 23, 2010 to April 24, 2010 for inpatient treatment and April 30, 2010 to May 4, 2010 for PHP

4

treatment. Anthem continues to deny benefits for dates: April 25, 2010 to April 29, 2010 (inpatient) and May 5-6, 2010 (PHP).

20. Defendants wrongfully denied Hollingsworth's claims for benefits, in the following respects:

(a) Failure to pay medical benefit payments to Hollingsworth at a time when Defendants knew, or should have known, that Hollingsworth was entitled to those benefits under the terms of the plan;

(b) Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the plan documents, in relation to the applicable facts and plan provisions, for the denial of Hollingsworth's claims for medical benefits;

(c) After Hollingsworth's claims were denied in whole or in part, failure to adequately describe to Hollingsworth any additional material or information necessary for Hollingsworth to perfect the claims along with an explanation of why such material is or was necessary;

(d) Failure to properly and adequately investigate the merits of Hollingsworth's claims and/or provide alternative courses of treatment.

21. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied Hollingsworth's claims for benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

22. Following the denial of Hollingsworth's claims for benefits under the Policy, Hollingsworth exhausted all administrative remedies required under ERISA, and performed all duties and obligations on Hollingsworth's part to be performed.

23. As a proximate result of the denial of medical benefits due Hollingsworth, Hollingsworth has been damaged in the amount of all of the medical

bills incurred for Hollingsworth's treatment at PSH, in a total sum to be proven at the time of trial.

24. As a further direct and proximate result of this improper determination regarding Hollingsworth's medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

25. Due to the wrongful conduct of the Defendants, Plaintiff is entitled to enforce its rights under the terms of the plan and to clarify its right to future benefits under the terms of the plan.

## SECOND CAUSE OF ACTION AGAINST EMCOR GROUP INC. MEDICAL EMPLOYEE WELFARE BENEFIT PLAN AND ANTHEM BLUE CROSS AND BLUE SHIELD OF CONNECTICUT FOR EQUITABLE RELIEF

26. Plaintiff refers to and incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27. As a direct and proximate result of the failure of the Defendant to pay claims for medical benefits for Hollingsworth, and the resulting injuries and damages sustained by Hollingsworth as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

    (a) Restitution of all past benefits due to Hollingsworth, plus prejudgment and postjudgment interest at the lawful rate;

    (b) A mandatory injunction requiring Defendants to immediately qualify Hollingsworth for medical benefits due and owing under the Plan, and;

    (c) Such other and further relief as the Court deems necessary and proper to protect Hollingsworth's interests as a participant under the Policy.

# REQUEST FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. Payment of health insurance benefits to the Plaintiff pursuant to Hollingsworth's health insurance coverage under the Plan;

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of prejudgment and postjudgment interest as allowed for under ERISA; and

4. For such other and further relief as the Court deems just and proper.

DATED: October 5, 2010                    KANTOR & KANTOR, LLP

BY: _____
Lisa S. Kantor
Attorneys for Plaintiff,
Pacific Shores Hospital

# EXHIBIT "A"

## ASSIGNMENT OF BENEFITS

In connection with services rendered to **Hillary Hollingsworth**, Patient:

1. I hereby assign all medical and/or surgical benefits to include major medical benefits to which I am entitled, including government sponsored programs, private insurance, and other health plans to:

Pacific Shores Hospital, Assignee.

2. I hereby further assign, to the above-named assignee, all rights that I have or may have to enforce any claims for benefits, described in Paragraph 1, above, including without limitation any administrative appeal rights and/or cause(s) of action, related to such claims for benefits. Consistent with this assignment, I hereby give my express written consent to the above-named assignee, its agents, representatives and attorneys, to do any act for and/or on my behalf, that is necessary and/or proper to pursue or enforce the rights and benefits hereby assigned. The above-named assignee may pursue any rights of appeal, administrative or otherwise, that I have or may have, including without limitation any right of appeal that I may have arising under any private or group insurance or benefit plan, whether governed by state or federal law, including any plan established pursuant to and/or governed by the Employee Retirement Income Security Act of 1974 (ERISA), as well as any rights of appeal I may have to the Office of Personnel Management, under the Federal Employees Health Benefit Act. The above-named assignee may further pursue any cause(s) of action that I have or may have related to the benefits hereby assigned. Any such appeals and/or causes of action may be pursued in my name, alone; in my name, in conjunction with the assignee; or in the assignee's name alone, at the option of the assignee or as may be required by law.

3. This assignment will remain in effect until revoked by me in writing.

4. I understand that I am financially responsible for all charges, whether or not they may be reimbursed by any insurance I may have.

5. A copy of this assignment is as valid as the original.

6. If the patient, I have signed a "Patient's consent for the release of confidential information", authorizing the above-named assignee to release all information reasonably necessary to secure the payment of accrued benefits.

Patient's signature: _Hillary Hollingsworth_

Date: _4/30/10_

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
PACIFIC SHORES HOSPITAL,
Assignee of Hillary Hollingsworth

**DEFENDANTS**
EMCOR GROUP INC. MEDICAL EMPLOYEE WELFARE BENEFIT PLAN;
ANTHEM BLUE CROSS AND BLUE SHIELD OF CONNECTICUT

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
KANTOR & KANTOR, LLP
19839 NORDHOFF STREET
NORTHRIDGE, CALIFORNIA 91324

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. § 1132 failure to pay plan benefits.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☒ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Accommodations | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV10 7480

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                             CIVIL COVER SHEET                             Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| State of Connecticut | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Lisa Kach_  **Date** October 6, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

**CV10- 7480 DDP (PLAx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Lisa S. Kantor (SBN: 110678)
Kantor & Kantor, LLP
19839 Nordhoff Street
Northridge, CA 91324
Tel: (818) 886-2525 / Fax: (818) 350-6272

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC SHORES HOSPITAL, Assignee of Hillary Hollingsworth, <br><br> PLAINTIFF(S) <br> v. <br><br> EMCOR GROUP INC. MEDICAL EMPLOYEE WELFARE BENEFIT PLAN; ANTHEM BLUE CROSS AND BLUE SHIELD OF CONNECTICUT, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV10 7480 DDP PLAx** <br><br> **SUMMONS** |

TO:   DEFENDANT(S): EMCOR GROUP INC. MEDICAL EMPLOYEE WELFARE BENEFIT PLAN and ANTHEM BLUE CROSS AND BLUE SHIELD OF CONNECTICUT

   A lawsuit has been filed against you.

   Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Lisa S. Kantor _____, whose address is 19839 Nordhoff St., Northridge, California 91324_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                                            Clerk, U.S. District Court

   Dated:  OCT - 6 2010                                     By:  CHRISTOPHER POWERS
                                                                 Deputy Clerk  SEAL

                                                                 (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                          SUMMONS